JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 15-03400 SJO (PJWx)      **DATE:** June 26, 2015

**TITLE:** Joseph Lanuza v. QTC Management, Inc. et al.

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz      Not Present
Courtroom Clerk      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present      Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 14]

This matter comes before the Court on Plaintiff Jospeh Lanuza's ("Mr. Lanuza" or "Plaintiff") Motion to Remand Case to the Superior Court of the State of California, Los Angeles County ("Motion" or "Mot."), filed on June 5, 2015. Defendant QTC Management, Inc. ("QTC") filed an Opposition ("Opposition" or "Opp'n") on June 12, 2015. Plaintiff filed a Reply ("Reply") on June 12, 2015. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2015, Plaintiff filed an action in the Superior Court for Los Angeles County against Defendant QTC. (Notice of Removal ("Notice"), ECF No. 1.) Plaintiff alleged the following causes of action: (1) wrongful termination in violation of public policy (Cal. Gov. Code § 12900, et seq.) (Notice, Ex. A ("Complaint") 4-7);[1] (2) hostile work environment (Cal. Gov. Code § 12940, et seq.) (Compl. 7-9); (3) discrimination based upon disability (Cal. Gov. Code § 12940, et seq.) (Compl. 9-11); (4) retaliation (Cal. Gov. Code § 12940, et seq.) (Compl. 11-12); (5) failure to take all reasonable steps to prevent a hostile work environment, discrimination, and retaliation (Cal. Gov. Code § 12900, et seq.) (Compl. 13-15); (6) **violation of Family Medical Leave Act ("FMLA") (Compl. 15-17)**; and (7) intentional infliction of emotional distress (Compl. 17-18). On May 6, 2015, based solely on Plaintiff's FMLA claim, Defendant removed the State Action to this Court pursuant to 28 U.S.C. § 1441. (Notice 1.)

The case was removed to the Central District of California on May 6, 2015. (Notice 1.) Plaintiff voluntarily dismissed his FMLA claim on May 22, 2015. (Notice of Voluntary Dismissal of Sixth Cause of Action on the Complaint, ECF No. 11.) Plaintiff filed his Motion to Remand on June 5,

---

[1] Plaintiff's Complaint is not numbered by paragraph pursuant to Fed. R. Civ. P. 10(b). The Court cites to the Complaint by page number, not by paragraph number.

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-03400 SJO (PJWx)    **DATE:** June 26, 2015

2015 (Mot. 1, ECF No. 14.)  Plaintiff seeks to remand the action on the grounds that federal question jurisdiction no longer exists because he voluntarily dismissed his FMLA claim, the sole federal cause of action.  (*See generally* Mot.)

II.     DISCUSSION

      A.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *See* 28 U.S.C. § 1447(c).  "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in [section] 1367(c), it is informed by the . . . values of **economy**, **convenience**, **fairness**, and **comity**."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citations and internal quotations omitted).  A district court must also consider whether a plaintiff has attempted to **manipulate the forum**.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (A plaintiff "may not compel remand by amending [his] complaint to eliminate the federal claims which provided the basis for removal").

"When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Carnegie-Mellon*, 484 U.S. at 350.  "It is generally preferable for a district court to remand remaining pendent claims to state court."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

      B.     Analysis

            1.     Judicial Economy

"Judicial economy is the principal reason justifying remand."  *Bernard v. Wells Fargo Bank, Nat'l Ass'n*, 2012 WL 5187990 at *3 (E.D. Cal. Oct. 18, 2012); *see also Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (declining to exercise supplemental jurisdiction over state law claims because "the federal claims were eliminated at the pleading phase").  "Under this principle, remand is less appropriate in cases

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-03400 SJO (PJWx)   **DATE:** June 26, 2015

where the trial date is close or where the district court has performed a substantial amount of legal analysis that the state court would have to repeat upon remand." *L.A. Sleep Studies Inst. v. Anthem Blue Cross Life and Health Ins. Co.*, 2014 WL 5421044, at *8 (C.D. Cal. Oct. 23, 2014); *Emrick v. Fujitec Am., Inc.*, 2005 WL 162235, at *6 (N.D. Cal. Jan. 24, 2005) (remanding because no trial dates had been set).

Defendant argues that, in its discretion, the Court should follow *Harrell* by exercising supplemental jurisdiction over the remaining claims. However, the Court's involvement in this case is substantially different from the court in *Harrell*. (Opp'n 4.) There, the "statute of limitations issues were fully briefed before the district court." 934 F.2d at 205. Here, the Plaintiff promptly moved to remand within 30 days of removal. (*Compare* Notice of Removal *with* Mot.) The Court has not held an initial scheduling conference, issued a scheduling order, or ruled on any issues other than the instant Motion. Judicial resources will not be wasted by remanding the case to the Los Angeles County Superior Court, and a remand will not result in duplicative work at this early stage. Therefore, this factor weighs in favor of remand.

   2.   <u>Convenience and Fairness</u>

"Convenience and fairness calls for a consideration [of] whether the state court is conveniently located, and whether it provides a fair forum to the parties." *L.A. Sleep Studies Inst.*, WL 5421044, at *9 (citation omitted).

This action was originally filed in Los Angeles County Superior Court. The federal and state forums are located in Los Angeles. "[T]he facts giving rise to this litigation took place in Los Angeles County, where Plaintiff, Defendant, as well as the witnesses are located." (Mot. 3-4.) Thus, the Los Angeles County Superior Court is a fair and convenient forum. *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002) (finding that state and federal forums located in the same city were equally convenient to the parties). This factor weighs in favor of remand.

   3.   <u>Comity</u>

The Los Angeles County Superior Court has substantial expertise with respect to state claims. "[A]s a matter of comity and to promote justice between the parties[] by procuring for them a surer-footed reading of the applicable law," federal courts should avoid "needless decisions of state law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Bernard*, WL 5187990, at *2 ("comity is enhanced where federal courts avoid 'needless decisions of state law.'"); *Sorgen v. City & Cnty. of S.F.*, WL 2864621, at *1 (N.D. Cal. Oct. 5, 2006) ("a remand would further the interests of comity because it would permit the state courts to preside over a case that now consists only

Case 2:15-cv-03400-SJO-PJW Document 22 Filed 06/26/15 Page 4 of 4 Page ID #:140

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 15-03400 SJO (PJWx)          DATE:  June 26, 2015

of state law."). Here Plaintiff is asserting state law claims only. Thus, this factor weighs in favor of remand.

        4.      Forum Manipulation

Finally, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357.

Defendant argues that Plaintiff attempts to manipulate the forum by dismissing the FMLA claim after the case was removed to federal court. (Opp'n 4.)

The Court recognizes that:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. . . . If the defendant rejects the plaintiff's order to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). In *Baddie*, the Ninth Circuit stated "[t]here was nothing manipulative about [the plaintiffs'] straight-forward tactical decision" because the plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal." *Id.*; *see also Millar*, 236 F. Supp. 2d at 1121 ("it clearly is legitimate to want state judges to address claims based on state law"). As stated above, the Plaintiff in this case moved to remand with all due speed and within 30 days of being removed.

In sum, the interests of economy, convenience, fairness, and comity, as well as lack of evidence of forum manipulation, weigh against this Court retaining jurisdiction. Thus, the Court **GRANTS** Plaintiff's Motion.

III.     RULING

For the foregoing reasons, the Court **REMANDS** the case to the Superior Court for Los Angeles County.

IT IS SO ORDERED.